## MANSUR v. DUPREE et al.[*]

(Circuit Court of Appeals, Fifth Circuit. January 22, 1907.)

No. 1,606.

MARSHALING ASSETS—CONSTRUCTION AND EFFECT OF DECREE.

Where a creditor claims priority of payment from a fund in court of notes held by him, which are also a lien on other property not in the custody of the court, it is competent for the court to direct payment of his claim on his transfer of the notes to its receiver and a sale and transfer of the notes by the receiver, for the benefit of the fund, and such transaction does not operate as a payment of the notes or a discharge of the lien, but the purchaser takes all the rights of the original holder.

Appeal from the Circuit Court of the United States for the Western District of Texas.

J. M. McCormick, for appellant.

W. M. Sleeper, for appellees.

Before PARDEE, McCORMICK, and SHELBY, Circuit Judges.

PARDEE, Circuit Judge. A statement of the pleadings and facts in this case is unnecessary, because the matters involved are of interest only to parties to the suit and their counsel, and they are or ought to be fully advised.

An investigation of the case, in the light of the very able briefs submitted, brings us to the conclusion that the correct decision of the case depends upon the construction and effect to be given to that part of the final decree rendered in consolidated cases of Mansur & Tebbetts Implement Co. and Washburn & Moen Mfg. Co. v. Provident National Bank, being 131 Equity, Dallas, No. 444, and Provident National Bank et al., and W. B. Belknap & Co. v. Provident National Bank et al., No. 132 Equity, in the Circuit Court of the United States for the Northern District of Texas on the 30th of June, 1897, as follows:

"It is further ordered, adjudged, and decreed by the court that the report of the master on the intervention of S. W. Slayden be and the same is hereby approved and confirmed, and that the said S. W. Slayden have and recover of the defendant W. E. Dupree the sum of $3,085.50, with interest on $2,805.00 thereof at the rate of 8 per cent. per annum, together with costs by him in this behalf incurred with a lien on the funds in the registry of the court and with priority thereon as hereinafter provided. And it further appearing to the court that the debt of the said S. W. Slayden against the said W. E. Dupree consists of vendor's lien notes executed by the said W. E. Dupree to O. Bailey and transferred by indorsement of the said O. Bailey to the intervener, S. W. Slayden, under date of December 31, A. D. 1894, each in the sum of $900.00, the first maturing January 1st, 1898, the second maturing January 1st, 1899, and the third maturing January 1st, 1900, and bearing in-

* Rehearing denied February 19, 1907.

terest at the rate of 8 per cent. per annum, payable annually and evidenced by interest coupons attached to said notes, said notes being secured by vendor's lien on lot 1, block 2, of the city of Waco, McLennan county, Texas. It is hereby ordered that upon the payment to the said intervener of his recovery out of the funds in the registry of the court, the said intervener at once deliver to F. F. Finks, receiver herein, said notes and said interest coupons thereon indorsed to the said receiver without recourse, and the said F. F. Finks, receiver, is hereby ordered forthwith to sell said notes and interest coupons at public or private sale for cash and pay the net proceeds of said sale into the registry of this court, to be applied as the other funds in the registry of this cause."

This decree is conclusive upon all parties and privies among which are the contesting parties in the present suit.

In accordance with the decree the Slayden notes carrying vendor's lien upon lot 1, block 2, of the city of Waco, were paid out of the funds in the registry of the court, and were delivered and indorsed to Finks, receiver, "without recourse," and thereafter sold for cash, which was paid into the registry to be applied as the other funds in the registry of the cause, to the payment of the claims of creditors· having liens on and·rights thereto.

It cannot be inferred from the decree that the court intended said notes should be paid off, and the vendor's lien released. As the case stood when the decree was rendered, Slayden had a vendor's lien on property not included in the fund in court, and, besides, had and was claiming a priority over the other creditors on the fund in court, and there was no object to pay his claim, except for the benefit of the fund in court. The whole matter was one of marshaling securities and adjusting equities among creditors, and two courses were open, one was to restrain Slayden·from participating in the general creditor's fund until he had exhausted his outside security under his vendor's lien, and the other was by payment and subrogation. Although not specifically stated in the decree, the course pursued was by subrogation, paying Slayden in full on transferring his notes to the receiver, thereby fully and effectively subrogating the receiver to the ownership of the notes with the vendor's lien securing the same. And this was equitable and just and in accordance with the principles of marshaling securities enunciated in the text-books (Jeremy, Eq. Jur. 528; Adams, Eq. 271, 272; 3 Pom. § 1414; Bispham's Prin. Eq. §§ 350, 341), and declared and applied by Chief Justice Marshall in Alston v. Munford, 1 Brock. 266, Fed. Cas. No. 267, and in Durham v. Rhodes, 23 Md. 233; Ross v. Duggan, 5 Colo. 85; Jenness v. Robinson, 10 N. H. 215; Tarver v. Land Mortgage Bank (Tex. Civ. App.) 27 S. W. 40; Fears v. Albea, 69 Tex. 437, 6 S. W. 286, 5 Am. St. Rep. 78.

The appellant in this case is the lawful owner and holder of the Slayden notes with subrogation to the vendor's lien as held by Slayden, and, as neither the plea of res adjudicata nor of laches can avail against him, he is entitled to have a decree foreclosing the said lien as prayed for in his cross-bill.

The decree of the Circuit Court is reversed, and the case is remanded, with instructions to enter a decree in accordance with the views herein expressed.