WILIE v. HAYS et al.　(No. 5933.)

(Court of Civil Appeals of Texas. Austin. Dec. 11, 1918.)

1. MORTGAGES ⬥353—TRUST DEEDS—NOTICE OF SALE.

A sale of land without notice by a trustee under trust deed is void, and the deed can be set aside as a cloud upon the title of the owner.

2. APPEAL AND ERROR ⬥216(1) — MATTERS REVIEWABLE—SPECIAL INSTRUCTIONS.

Assignment of error complaining that court did not give special instructions cannot be considered, where court was not requested to give them.

Appeal from District Court, McLennan County; E. J. Clark, Judge.

Suit by C. L. Wilie against W. B. Hays and others. Judgment for defendants, and plaintiff appeals. Reversed and remanded.

G. W. Barcus, of Waco, for appellant.
S. E. Stratton, of Waco, for appellees.

JENKINS, J. This suit was brought by appellant in the form of trespass to try title, and in the alternative to set aside an alleged deed to said land, executed by a substitute trustee to appellees, and also in the alternative to redeem said land from the mortgage lien.

[1] Appellant proved title in himself to the land in controversy, in that he showed plaintiff and defendants were claiming under a common source. Appellees offered no evidence, but on cross-examination of appellant proved by him that he had executed a deed of trust on the land, and that the debt for which the same was security had never been paid.

The court instructed a verdict for appellees. In this we think there was error. The appellant had the right to show, if he could, that if any deed had been executed by the trustee it was void, for the reason that no notice of such sale had been given; appellant so alleged, and there was some testimony to this effect. If such was a fact, appellant was entitled to a judgment canceling the deed of trust as a cloud upon his title. Appellees might, if they had chosen to do so,

---

⬥For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

have proven that the mortgage debt had never been paid, and asked for a foreclosure of same in this proceeding. Appellees did not ask for such judgment, and the judgment, if allowed to remain, would bar appellant from recovery of the land.

The case was not well tried in the court below, and will probably be more fully developed on another trial.

[2] Appellant, by several assignments of error, complains that the court did not give certain special instructions. In this the court did not err, as it was not requested to give such instructions.

Appellant's bill of exception to the peremptory charge of the court is sufficient to raise the issues referred to in this opinion.

The judgment of the trial court is reversed, and this cause is remanded for a new trial.

Reversed and remanded.

