**PHIPPS v. FUQUA.**
No. 3464.

Court of Civil Appeals of Texas. Amarillo.
Oct. 22, 1930.

Rehearing Denied Nov. 26, 1930.

Rob't. A. Sowder, of Lubbock, for appel-.lant.

Carl Gilliland, of Hereford, for appellee.

RANDOLPH, J.

This suit was filed in the district court of Deaf Smith county by appellee against appellant, but the parties will hereinafter be styled as in the trial court. On trial of the ·case in the district court, judgment was ren--dered in favor of the plaintiff, and defendant .has appealed to this court.

The facts stated briefly are as follows: ·The plaintiff was the owner of certain lands in Deaf Smith county, herein later described, upon which there rested certain incumbranc-·es. These lands were sold and exchanged by him to one J. J. White. The plaintiff, joined by his wife, executed and delivered to the :said White their deed, bearing date of Jan-·uary 15, 1927, acknowledged on the 17th of January, 1927, by which they conveyed to said White the said lands, which are described for identification as follows: 520 .acres of land, the E. ½ of section No. 13, and .320 acres of land, the N. ½ of section No. 2.

The consideration set out and recited in said deed was $5,760, paid and secured to be paid by said White, as follows:

"By the assumption by the said J. J. White ·of Thirteen Hundred Sixty ($1,360.00) Dollars of an indebtedness of $13,500.00, to the Federal Land Bank of Houston fully described in a. deed of trust executed by J. L. Fuqua to M. H. Gossett, Trustee for said Bank, ·which appears of record in the Deed of Trust .Records of Deaf Smith County, Texas, in Vol. 27, Page 53, being the intention hereby :to assume the proportionate part of the indebtedness which would apply to the North ½ of Section No. 2, Township 4 North of Range 2 East containing 320 acres, which is hereby conveyed.

"Also the assumption by the said J. J. White of an indebtedness of Twenty-Two Hundred Fifty ($2,250.00) Dollars which is secured by a deed of trust given by J. L. Fuqua to E. J. Foster, Trustee for Farmers State Bank, Grass Lake, Michigan, dated May 17, 1919, and due five years after date, said deed of trust being recorded in Vol. 23, page 233, Deed of Trust Records of Deaf Smith County, Texas, said indebtedness being secured by a lien on the East one-half of Section No. 13, Township No. 4, North of Range No. 1, East, containing 320 acres of land and being herein conveyed. It is understood that the liens herein assumed shall be and remain a lien only as against each tract of land as said liens now exist.

"And the execution by the said J. J. White of his ten several promissory vendor's lien notes of even date herewith, payable to the order of J. L. Fuqua, each being for the sum of One Hundred Fifty-Two ($152.00) Dollars, numbered from one to ten respectively and due and payable on or before one to ten years after date respectively, and each bearing 6% interest per annum, interest payable annually, and retaining a vendor's lien on the North ¾ of Section 2, Township 4, North of Range 2 East, herein conveyed.

"And the execution of the said J. J. White of his ten several promissory vendor's lien notes of even date herewith, payable to the order of J. L. Fuqua, each being for the sum of Sixty-Three ($63.00) Dollars, numbered from one to ten respectively, and due and payable on or before one to ten years after date re; spectively, and each bearing 6% interest per annum interest payable annually, and retaining a vendor's lien on the East ½ of Section 13, Township 4 North of Range 1 East, herein conveyed.

"The respective liens herein retained and reserved are to apply to each tract separately and is not to be a blanket lien on both tracts. * * *"

This deed also recited the usual and customary vendor's lien to secure the delayed consideration.

Other statements will be made as necessary in the discussion of the questions which we shall later consider.

It is apparent from the record that at least a part of the consideration involved in this transaction was the conveyance by White to the plaintiff of certain lands in the state of New Mexico, upon which there was an incumbrance of some $13,000, which the plaintiff assumed the payment of.

The deeds of trust recited in naming the consideration for the deed from plaintiff

and wife to said White were also introduced in evidence.

The plaintiff in his petition alleged the conveyance of the described land to J. J. White, and set out the consideration therefor, and that the delayed payments were secured only by liens upon the tracts designated in the deed above described; also alleged the existence of the mortgages to the Federal Land Bank and the Farmers' State Bank of Grass Lake, Mich., and the assumption of the payment thereof by White; further alleging the sale of said land by White to the defendant, and that in the deed which White executed to the defendant he assumed the incumbrances on the land as heretofore named, alleging the nonpayment of some of the vendor's lien notes, together with the interest on all of said notes by White and defendant; also seeking recovery of attorney's fees. Plaintiff further alleged the default of defendant in the payment of the part of the Federal Farm Loan Bank's loan assumed by him, together with interest on said assumed part of said loan, and that defendant had also defaulted in the payment of the interest on the debt due and owing to the Grass Lake bank, and that the plaintiff, in order to protect his liability thereon, had been compelled to pay same. Further, plaintiff alleged that White, the then owner of the New Mexico land, had represented to him that only the amount of $13,000 was due and owing on the land in New Mexico, when in truth and in fact there were unpaid taxes and interest which were secured by liens upon said land, and which the plaintiff paid to protect his ownership of same. Further, plaintiff pleaded that White had promised to furnish him an abstract, which he had failed to do, and that plaintiff had to secure and pay for such abstract. As the trial court properly denied a recovery for this last item, no question as to it is presented to this court.

The Grass Lake bank requested their trustee to act in the sale of the land under their deed of trust, to wit, the east ½ of section 13, which he declined to do, and a substitute trustee was appointed, who thereafter sold the land, the plaintiff buying it in. The sale under the deed of trust by the substitute trustee of the Grass Lake bank is attacked by defendant upon the ground that the sale was and is void, because the notices of sale were not posted in three public places in Deaf Smith county. The trustee's notices of such sale, as shown by the record, were posted, one at the courthouse door of said county of Deaf Smith, one at the cross section of Harrison highway and Twenty-Five Mile avenue, and one on a telephone post on East Third street in Hereford, north of the First National Bank Building.

■ The appellee's contention that the purpose of the law was to have the notices posted at such places as would come under the observation of the most people, and that, as the town of Hereford contains the greater mass of the population of Deaf Smith county, the posting of two of the notices within the city limits was a substantial compliance with the law's requirements. We cannot agree that the language of article 3810, R. C. S., can be given such interpretation. In providing for the issuance of such notices, the article requires that a notice in writing shall be posted in "three public places" in the county. If the Legislature intended this to be the construction as claimed by the plaintiff, then why provide for three notices instead of one at the courthouse, or in its neighborhood. We think that it was clearly the intention of that body to give widespread notice of sale by posting same in three different and distinct public places. The failure to give notice of a sale of land under a deed of trust by posting three notices in three different public places renders the sale void. If such sale is void, it can be set aside as a cloud on the title of the owner. Willie v. Hays (Tex. Civ. App.) 207 S. W. 427.

■ In selling under a deed of trust, the trustee must strictly follow the terms of such instrument, or the provisions of the law, and the details prescribed as to the manner of the sale must be strictly pursued. Chamberlain v. Trammell, 61 Tex. Civ. App. 650, 131 S. W. 227.

It has been held, where a deed of trust required the notice of sale to be published for twenty days, that its publication for nineteen days was not a compliance with such requirements. Childs et al. v. Hill et al., 20 Tex. Civ. App. 162, 49 S. W. 652. See, also, Smith v. Allbright (Tex. Civ. App.) 279 S. W. 852.

A notice of sale which was posted at the door of the courthouse, one on a telephone post near the northwest corner of the courthouse square, and the other on a telephone post near the northeast corner of the square, were posted at practically the same place, and such posting was not at three public places, as contemplated by the statute. National Loan & Inv. Co. v. Dorenblaser, 30 Tex. Civ. App. 148, 69 S. W. 1019, writ denied.

We therefore hold that sale of the east ½ of section 13, as made under the deed of trust given to secure the Farmers' State Bank of Grass Lake, Mich., was void for that reason.

■ The defendant's contention that the trial court erred in its conclusion that the defendant was liable for interest and amortization installments due on the Federal Land Bank debt on the New Mexico land conveyed to the plaintiff by White cannot be sustained by us. The plaintiff's pleading alleged that White represented to him that the only incumbrances on the New Mexico land which White was trading to the plaintiff was the sum of $13,000, that as a matter of fact such representation was untrue, and there

were delinquent taxes and interest owing on said land which the plaintiff was compelled to pay to protect his ownership of such land.

The defendant cites the cases of Wootton v. Thomson, 55 Tex. Civ. App. 583, 119 S. W. 117, and Griggs v. Houston Oil Co. (Tex. Com. App.) 213 S. W. 261, 263, to sustain his contentions. Under the Wootton Case it is laid down to be the rule that, in a contest between one who has bought the legal title and one holding the equitable title, the burden is upon the latter to show that the buyer had notice of his superior equitable title when he bought, and in the Griggs Case it is said: "Every vendee of land is charged with knowledge of every fact which appears in any instrument in the chain of title through which he claims, and where in the chain of title there appears any statement of fact or other circumstance sufficient to put a reasonably prudent man on inquiry as to the rights of other parties in the property conveyed, the purchaser is charged with knowledge of all facts which would have been discovered by reasonable inquiry."

█ These two cases do not, therefore, sustain the defendant's contention. The evidence of the plaintiff discloses that the taxes and interest on the New Mexico land were unpaid and that the plaintiff paid them to protect his ownership in the land. Plaintiff testified that, in a conversation he had with the defendant prior to the purchase of the land and during the time the defendant was investigating the matters involved in the trade, he made known to the defendant all his claims on the land in controversy, including his claim by reason of his payment on the New Mexico land. If, as between the plaintiff and White, the plaintiff's claim for compensation for such payment was valid, then this testimony of plaintiff was sufficient to put the defendant on inquiry and by such inquiry could have ascertained the real status of the claims. The trial court having passed on the facts, even if they were disputed, there being evidence to that effect, we cannot set his findings aside.

█ If the plaintiff made these payments upon the New Mexico land in excess of the agreed value of such land, as testified to by him, such payment resulted in making him lose that much of the consideration which White was to pay him for the two 320-acre tracts in Deaf Smith county he sold White and which the defendant bought later from White. This being true, the consideration for the two tracts in Deaf Smith county had failed to that extent, and the plaintiff should be granted a lien on such two tracts for the amount of the loss sustained by him in having to pay the taxes and interest on the New Mexico land. The debt so paid by plaintiff, while chargeable as a personal debt against White, and as between White and the plaintiff, was secured by an equitable lien on the Deaf Smith county land, as between plaintiff and the defendant, the defendant having notice of the plaintiff's equity, the land was also charged with the lien as against him, and was enforceable against such Deaf Smith county land in the hands of defendant as purchaser with notice.

"* * * An equitable lien, in ordinary cases, exists not only for the payment of money enforceable by appropriate equitable process, but it may also exist where there is no personal liability, to secure the performance of an obligation connected with the specific property and manifestly intended to be made binding on that property. * * *" 37 C. J. 327, § 37.

█ This holding also clearly applies to the interest payments made by plaintiff, for it is a well-settled principle of law that, where a person pays a debt of another in order to protect his own property, there is created an implied obligation upon the part of the person whose debt is paid to reimburse the payor. Such party stands in the attitude of a surety who has paid the debt of his principal. Stone v. Tilley, 100 Tex. 487, 101 S. W. 201, 10 L. R. A. (N. S.) 678, 123 Am. St. Rep. 819, 15 Ann. Cas. 524.

█ Subrogation gives indemnity and no more, Faires v. Cockerell, 88 Tex. 428, 434, 31 S. W. 190, 639, 28 L. R. A. 528; hence the plaintiff was subrogated only to the right to collect the amount he had been required to pay, plus 6 per cent. interest from date of payment. He was not authorized, under the implied contract for reimbursement, to recover attorney fees upon the amount he has paid out to protect his rights in the property; the suit being one in assumpsit by virtue of the implied contract to reimburse him in the amount he was compelled to pay. This the trial court can regulate upon another trial.

█ Privity of contract is not necessary to support the payor's rights. Tarver v. Land Mortgage Bank, 7 Tex. Civ. App. 425, 27 S. W. 40, writ denied.

█ The deed from plaintiff to White provides that certain of the delayed payments shall be secured only by specific tracts of land, but this cannot be of any benefit to the defendant, for in the deed from White to him the defendant generally assumes all of the debts named as a part of the consideration of his purchase of the land; hence the judgment of foreclosure rendered by the trial court for a sum total upon all the land was not erroneous.

█ The defendant urges the action of the trial court, in sustaining a general demurrer to his cross-action, as error. The cross-action alleged that, at the time he made

a tender to the plaintiff of all legal sums due on the land, he had a sale of the land contracted for at a profit, but does not allege that the plaintiff knew of that fact. It was incumbent on him to have so alleged, as the plaintiff would not be liable for the profits defendant was to make on such sale, unless he knew that defendant had the sale made or under way. Again, as we have held that the plaintiff was entitled to recover the items that he was claiming at the time such alleged tender was made, no injury had, in fact, occurred to the defendant, because the tender was not a legal tender, being for a smaller amount than was due and owing plaintiff.

The other questions presented will not arise on another trial or are not such as require discussion, but, for the error indicated, the trial court's judgment is reversed, and the case is remanded for a new trial.