## PLATTE v. SECURITIES INV. CO.

### No. 2036.

Court of Civil Appeals of Texas. Beaumont.
Dec. 26, 1930.

Rehearing Denied Jan. 7, 1931.

W. P. Neblett, of Houston, for appellant.

Hill & Harvey and Kenneth Krahl, all of Houston, for appellee.

O'QUINN, J.

The Securities Investment Company sued Anna M. Platte, Harriet M. Nias, and Percy C. Nias in trespass to try title to lots 11, 12, 13, and 14 in Lizzieton Terrace, an addition to the city of Houston, Tex. Defendant Anna M. Platte answered by general demurrer, general denial, plea of not guilty, and by cross-action sued appellee for the land, alleging that she owned same subject to the rights of Harriet M. Nias, to whom she had contracted to sell same. She further specially answered that on September 18, 1925, one J. F. Griffin, who was the then owner of said lots, applied to her for a loan to pay off two indebtednesses against said property, both of which indebtednesses were secured by deeds of trust thereon, and that she had made a loan to said Griffin in the sum of $550, which was used by her agent and attorney to pay off said indebtedness at the special instance and request and for the benefit of said Griffin, and by reason of her having made such payments she became subrogated to the rights, liens, and remedies of the holders of said indebtedness and the liens securing same. She further alleged that Griffin executed to her his note for the $550, loaned him, and at the same time a deed of trust on the lots to secure its payment, and that Griffin failed to pay his note for the $550, and she had her trustee to foreclose her lien against said property, which she alleges was legally and duly done.

Appellee plaintiff, by its first supplemental petition, denied the claims of defendant Platte, and alleged that it had caused a writ of attachment to issue out of the county court at law of Harris county, in a suit by it against Griffin, and had said attachment levied on said property on September 26, 1925, and recorded in the attachment lien records of said county on same date, and that at said date and for some time thereafter, there were no liens or incumbrances of any nature whatever shown by the records against said property; that said attachment lien was thereafter foreclosed and said property sold on April 7, 1926, at which sale it became the purchaser of the lots without notice or knowledge that any prior liens were claimed to exist against said property, by reason of which facts Anna M. Platte was estopped to claim said property.

By amended supplemental petition, appellee answered appellant's cross-action by general demurrer, general denial, plea of not guilty, and specially that one of the debts claimed by appellant to have been paid by her was a note to the Jacksonville First National Bank for the sum of $150, secured by a deed of trust on said property, to which lien appellant alleged she was subrogated by reason of her having paid off and discharged said note and lien, was barred by the four-year statute of limitations before appellant paid said debt, if she did, and that his attachment lien was a valid and subsisting lien and superior lien upon said property to any lien or claim appellant had or may have by virtue of her paying off said indebtedness, and that a sale to pay any part of the barred debt was void, and, in the alternative, that, if it should be determined that appellant was entitled to be subrogated to the liens of the original lien holders on said land, then it be permitted to pay to her such sum of money, and have the land decreed to it.

The defendants Harriet M. Nias and Percy C. Nias answered disclaiming any interest or claim in or to the property.

The case was tried to the court with the aid

of a jury, but, when the evidence was concluded, by agreement of all parties the case was withdrawn from the jury, and submitted to the court, who found in favor of appellee for the title and possession of the lots in controversy, and in favor of appellant, Anna M. Platte, on her plea of subrogation "as to all lien debts on said land not barred by the statute of limitation at the time of the payment thereof." Accordingly judgment was rendered in favor of appellee for the title and possession of the property, and for appellant for the sum of $250 as of her right of subrogation, and for the foreclosure of her lien on the property, and that, if appellee did not pay said judgment within ninety days after the date of judgment, order of sale to issue. Judgment was further rendered in favor of appellee against Harriet and Percy Nias on their disclaimers, and for appellee for all costs of suit.

This appeal is by Anna M. Platte against said judgment. Appellee has assigned cross-errors.

Facts: This is a suit in trespass to try title. J. F. Griffin is the common source.

Appellee's title: Appellee, Securities Investment Company, sued J. F. Griffin in the county court at law of Harris county, and on September 26, 1925, caused a writ of attachment to be issued out of said court and levied on the property in controversy, which was recorded in the attachment lien records of Harris county same day. Appellee secured judgment in its suit against Griffin for $775 and foreclosing its attachment lien and ordering execution. Execution was issued on said judgment January 27, 1926, under which the property was sold to appellee at execution sale on April 7, 1926, and sheriff's deed conveying the land to appellee was recorded in deed records April 7, 1926.

Appellant's title: Deed of trust from Griffin to W. P. Neblett, trustee, for the use and benefit of appellant, Anna M. Platte, dated September 18, 1925, but not filed for record until October 14, 1925. Trustee's deed, W. P. Neblett, trustee, to Anna M. Platte, dated June 1, 1926, filed for record June 8, 1926.

From the above it is clear that appellee has the superior title. To meet this, appellant attempts to connect herself with deed of trust liens executed by Griffin antedating appellee's attachment, the benefit of which former liens she claims by the right of subrogation. She pleads the following: "Defendant says that on or about September 18th, 1925, J. F. Griffin, who was then the owner of said property made application to her for a loan on said property to take up and pay off two other indebtednesses which he owed against said property, both of which were secured by deeds of trust on said property, and she did make said loan to said Griffin on said date of $550, which was used by this defendant, her agent

and attorney to pay off the then existing indebtedness at the special instance and request, and for the benefit of the said J. F. Griffin and by reason of such payment she became subrogated to the rights, lien and remedies of the holders of said indebtednesses and the liens securing same, and the said J. F. Griffin, having made default in the payment of this defendant's note, she thereupon requested her trustee to foreclose her lien against said property, which was duly and legally done."

It appears that on May 4, 1920, Griffin executed his note for $150, due six months after date, payable to the First National Bank of Jacksonville, Tex., and executed, at same time, a deed of trust to W. Y. Foorest for the benefit of said bank on the land in controversy to secure the payment of said note. On August 7, 1923, Griffin gave his note to Oskar Laebo for $200, due one year after date, and at same time executed a deed of trust to J. M. Hawkins for the benefit of said Laebo on the property to secure the payment of said note.

The First National Bank of Jacksonville gave a release of its deed of trust lien, September 5, 1925, recorded October 14, 1925. It recited the payment of the note by Griffin.

Oskar Laebo on September 28, 1925, executed a release of his deed of trust, recorded October 14, 1925. It recited that same was paid by Griffin.

On September 18, 1925, Griffin executed his note for borrowed money in the sum of $550, payable to Anna M. Platte, at Houston, Tex., two years after date, and also on same date a deed of trust to W. P. Neblett for the benefit of Anna M. Platte, to secure the payment of said note. This deed of trust was filed for record October 14, 1925. The land was sold by W. P. Neblett, trustee, under said deed of trust to Anna M. Platte June 1, 1926, which deed was filed for record June 8, 1926.

Neither Anna M. Platte nor J. F. Griffin testified. W. P. Neblett, witness and attorney for appellant, testified: "My name is W. P. Neblett. I represented Miss Anna M. Platte when she made this loan to Mr. Griffin. Mr. Griffin lived in Shreveport, Louisiana, at that time I think, and he applied to me for a loan on the property in controversy, the four lots in the Lizzieton Terrace addition to the City of Houston, which is out here north of Brookesmith. I examined the abstract, and I drew the release of the lien held by the First National Bank of Jacksonville, and also the release from the deed of trust lien held by Oskar Laebo. I paid those releases off,—they had to go away from here to be signed by somebody else, and I went to the South Texas Commercial National Bank and paid them off, and there is my check, the amount of which is $510.75."

The defendant at this point introduced the mentioned check. The defendant then intro-

duced the note executed by Griffin to Laebo for $200 above mentioned. The witness Neblett continued: "I paid that note off and that is included in the check for $510.75. The note from the First National Bank of Jacksonville I haven't got; I don't know whether I ever had it or not, but I haven't got it. I drew these releases and sent them off and had them signed and it took from September till October to get them back, and I don't know where that note is, but I took the release and there it is."

On cross-examination, he testified: "The deed of trust given to my client by Mr. Griffin is dated September 18th, 1925, but it was not recorded until October 14, 1925. I paid the money out on October 14, 1925. I had not paid out any of my client's money until October 14, 1925, except that I had agreed to make the loan, and I held my client's money all the time." ·

Appellant contends that, as she had paid off and discharged the liens held by the Jacksonville bank and Oskar Laebo, she was subrogated to the rights of such lienholders, and therefore her title to the land was superior to that of appellee, and she should have had judgment for the land. In answer to this, appellee insists: (a) That the evidence is insufficient to show a subrogation in her favor; but (b) the facts show that appellant merely loaned money to Griffin which was used to pay off the existing indebtedness against the lots, without an agreement at the time that she was to be subrogated to the rights of the prior lienholders; in other words, that "a money lender, whose money is used to pay off existing lien indebtednesses, as against an attaching creditor, is not entitled to be subrogated to the rights, liens and remedies of the original lien holder, unless there is an agreement, understanding or an intention that she is to be subrogated thereto."

This is well-settled law, but the question was one of fact, and the court found that appellant was entitled to be subrogated to the rights of the prior lien holders in so far as same was not barred by limitation at the time the secured debts were paid. The evidence does not show any agreement or understanding that appellant was to be subrogated to the rights of the lienholders at the time the debts were paid, but we think the facts and circumstances in evidence·are sufficient to show that such was the intention, and that appellant would not have advanced the money to pay said debts, but for her right to be so subrogated. But this did not entitle her to judgment for the land. The court, on the above facts stated, was correct in holding that appellee had the superior title to the land. When Griffin failed to pay his note to appellant, given for the borrowed money, she did not foreclose her subrogated lien, but merely had the land sold under her deed of trust given on the land by Griffin to secure the payment of his note; she buying in the land at the deed of trust sale. This lien was subordinate to the attachment lien of appellee. She made no effort to foreclose her subrogated liens.

Appellant's insistence that the court erred in refusing to allow and foreclose her subrogated lien as to the amount paid on the Jacksonville bank note because same was barred by the four-year statute of limitation at the time the note was paid is overruled. Appellee had the right to interpose the defense of limitation in protection of its right under its attachment lien.

Appellee presents cross-assignments .of error against the judgment of the court allowing appellant to recover of it the sum of $250, and foreclosing her asserted subrogated lien on the property in controversy. We cannot consider these cross-assignments. It seems to be well settled that cross-assignments must be filed in the trial court, and that an assignment not so filed may not be considered, unless it presents fundamental error. 3 Tex. Jur. § 611, page 875; Austin v. Bain (Tex. Civ. App.) 283 S. W. 638.

There is nothing to show that these cross-assignments were filed in the trial court, so they cannot be considered. However, if the cross-assignments were considered, they would have to be overruled, because we have held that the evidence was sufficient to show that it was the intention of the parties at the time appellant loaned the money to Griffin with which he discharged the existing liens on the property, that she should be subrogated to the rights of the lienholders.

The judgment should be affirmed, and it is so ordered.

Affirmed.