## PLATTE v. SECURITIES INV. CO.

No. 1351—5906.

Commission of Appeals of Texas, Section B.
Dec. 22, 1932.

Neblett & Norman and W. P. Neblett, all of Houston, for plaintiff in error.

Hill & Harvey, Kenneth Krahl and Lewis Wood, all of Houston, for defendant in error.

RYAN, J.

By deed dated May 4, 1918, J. F. Griffin acquired title to lots 11, 12, 13, and 14 in block

3 of Lizzieton Terrace addition to the city of Houston; by deed of trust dated May 4, 1920, Griffin conveyed said property to W. Y. Forest, trustee, as security for an indebtedness evidenced by promissory note payable six months after date with 10 per cent. annual interest thereon, after maturity, to the First National Bank of Jacksonville, Tex., in the sum of $105; afterwards, by deed of trust dated August 7, 1923, Griffin conveyed the same property to J. M. Hawkins, trustee, as security for an indebtedness to Oskar Laebo, in the sum of $200, evidenced by promissory note payable one year after date with 8 per cent. annual interest.

The Securities Investment Company filed suit in the county court of Harris county against J. F. Griffin for the recovery in debt of the sum of $775 and caused writ of attachment to issue on September 26, 1925, which was on the same day levied by the sheriff of Harris county, on said property, and a copy of the writ and return filed with, and recorded by, the county clerk of said county.

On December 22, 1925, judgment by default was rendered against Griffin by the county court in favor of the Securities Investment Company, for the sum of $775, and legal interest from the date of judgment; this judgment foreclosed said attachment lien as it existed on September 26, 1925. Execution issued thereunder and at sheriff's sale on the first Tuesday in April, 1926, said property was struck off to the Securities Investment Company for the sum of $100 and sheriff's deed accordingly executed to it.

As disclosed by the records, the title thus acquired by the Securities Investment Company was of whatever interest Griffin owned as of the levy of the attachment, subject to the outstanding liens evidenced as above stated by the deeds of trust securing the First National Bank of Jacksonville and Oskar Laebo.

Miss Anna M. Platte's claim is based upon a loan of $550 payable two years after date, with 10 per cent. annual interest, payable semiannually, made by her to Griffin and secured by deed of trust to W. P. Neblett, trustee, bearing date September 18, 1925, but not filed for record until October 14, 1925.

Griffin failed to pay a semiannual interest installment due on said note, whereupon the property was sold at trustee's sale on June 1, 1926, to Miss Anna M. Platte for the sum of $625 as the highest and best bid therefor. Said trustee's deed was filed for record on June 8, 1926.

In this condition of the title, the Securities Investment Company on August 8, 1928, filed suit in trespass to try title to said property against Anna M. Platte and Harriett M. Nias and Percy C. Nias to whom Miss Platte had contracted to sell same, but they having disclaimed, the controversy as tried was between the investment company as plaintiff and Miss Platte as defendant.

Miss Platte answered by general demurrer, general denial, plea of not guilty, and by cross-action sought recovery of the property; she further averred her loan to Griffin, the deed of trust lien securing same, the application of the proceeds of such loan to the payment of the two other indebtednesses and deed of trust liens then against the property, by reason of which she became subrogated thereto. In reply to such claim of subrogation, the investment company pleaded the statute of limitation of four years (Rev. St. 1925, article 5520) in bar of the indebtedness due by Griffin to the First National Bank of Jacksonville and the lien securing the same and prayed, if the court should decide that Miss Platte is entitled to be subrogated to the liens of the original lienholders, and only in that event, that the amount of money which Miss Platte is entitled to, be determined and after so determined, that plaintiff, investment company, be allowed to pay her such sum of money and have the property decreed to it.

It was proven by the testimony of Mr. W. P. Neblett, representing Miss Platte when she made the loan to Griffin, that on October 14, 1925, he paid, for her, the note due the First National Bank of Jacksonville and the note due Oskar Laebo, by his check in the sum of $510.75 payable to the order of South Texas Commercial National Bank. When he gave said check, the bank turned over to him two releases, one from the First National Bank of Jacksonville and the other from Oskar Laebo, both direct to J. F. Griffin. These releases and the trust deed from Griffin to Miss Platte were simultaneously filed for record with the county clerk of Harris county on October 14, 1925.

The trial court (a jury having been waived) rendered judgment for the plaintiff, investment company, for the title and possession of the property involved, and for Miss Platte in so far as her plea of subrogation is concerned as to all lien debts on said property not barred by the statute of limitations at the time of the payment thereof by her.

It will be noted that the claim of the First National Bank of Jacksonville appears to have been barred by the statute of limitation of four years when Miss Platte's representative paid it at the South Texas Commercial National Bank, and the trial court fixed the amount to which she was subrogated, at the sum of $250, and rendered judgment for her in that sum, with 8 per cent. per annum interest thereon from date of judgment, and foreclosed lien therefor, if not paid within ninety days thereafter.

Said judgment was affirmed on appeal by the honorable Court of Civil Appeals. 34 S.W.(2d) 295.

## Opinion.

We think it clear that the superior title to the property is in the investment company; its attachment created a lien from the date of its levy. Art. 300, Rev. Stat. 1925; Paris Grocer Co. v. Burks, 101 Tex. 106, 105 S. W. 174; Thomson v. Shackelford, 6 Tex. Civ. App. 121, 24 S. W. 980; Brooks v. Chatham, 57 Tex. 31; Walton v. Cope, 3 Tex. Civ. App. 499, 22 S. W. 765.

Miss Platte acquired no rights under her deed of trust until afterwards, when she consummated the loan to Griffin; this occurred, not at the date of her trust deed, but when it was delivered to her on October 14, 1925. She paid no money until then—at this time the attachment lien of the investment company had been fixed and her transaction was necessarily subject thereto. Until then, Griffin owned the property unencumbered by any claim on her part. It was this title of Griffin which was covered by the attachment. Traders' Nat. Bank v. Price (Tex. Com. App.) 228 S. W. 160; Diltz v. Dodson (Tex. Civ. App.) 207 S. W. 356.

The deed of trust securing her lien, subsequently delivered, must yield to the priority of the attachment lien and any sale made by virtue of such deed of trust must necessarily yield to a sale made under foreclosure of the attachment lien.

This brings us to the question, whether Miss Platte is entitled to subrogation to the liens existing on the property when the attachment was levied, and if so, to what extent.

The Court of Civil Appeals found that, while the evidence does not show any agreement or understanding that Miss Platte was to be subrogated to the rights of the lienholders at the time the debts were paid by her, the facts and circumstances in evidence are sufficient to show that such was the intention and she would not have advanced the money to pay said debts but for her right to be so subrogated.

Subrogation may arise from the agreement of the parties or by implication in equity to prevent fraud or injustice [Cason v. Connor, 83 Tex. 26, 18 S. W. 668]; it is a doctrine of equity [Tarver v. Bank, 7 Tex. Civ. App. 425, 27 S. W. 40], a substitution of another person in the place of the creditor so that the person in whose favor it is applied succeeds to the rights of the creditor in relation to the debt [Sanger Bros. v. Ely & Walker Dry Goods Co. (Tex. Civ. App.) 207 S. W. 348].

As said by Judge Brown, in Faires v. Cockerell, 88 Tex. 428, 31 S. W. 190, 194, 639, 28 L. R. A. 528: "Perhaps the courts of no state have gone further in applying the doctrine of subrogation than has the court of this state."

In Hicks v. Morris, 57 Tex. 658, Morris owed a debt for the purchase money of land and a lien was retained to secure its payment. He applied to Hicks for a loan of money to pay the debt. Hicks lent the money and took a note and mortgage on the land. Subsequently, a new note was given for the amount of this note and interest, which expressed upon its face that it was executed for the purchase money of the land, and the previous note and mortgage were marked canceled and delivered to Morris. When Morris executed the first note to Hicks, there was no express agreement that he should be subrogated to the rights of the holder of the note which the borrower intended to pay. In a suit brought by Hicks upon the second note, it was held that Hicks was substituted to the rights of the original vendor, and that holding was expressly approved in Pridgen v. Warn, 79 Tex. 588, 15 S. W. 559.

Where one pays the debt of another as a result of an agreement, express or implied, that the prior lien be kept alive for his benefit, equity will substitute the person so paying to the place of the original creditor to enable him to enforce the lien for his reimbursement. First State Bank v. Farmers' Nat'l Bank (Tex. Civ. App.) 262 S. W. 225; Dixon v. Investment Co. (Tex. Civ. App.) 40 S. W. 541; Pioneer Savings & Loan Co. v. Paschall, 12 Tex. Civ. App. 613, 34 S. W. 1001; Texas Land & Loan Co. v. Blalock, 76 Tex. 85, 13 S. W. 12; Mergele v. Felix, 45 Tex. Civ. App. 55, 99 S. W. 709.

We therefore conclude that Miss Platte was subrogated to the enforceable liens of the prior creditors.

As shown above, the claim of the First National Bank of Jacksonville was barred by the statute of limitations, at the time Miss Platte's claim accrued. Chapter 123, Gen. Laws (33rd Leg.) 1913; chapter 27, 1st Called Session (33rd Leg.) 1913; Frank v. Bank (Tex. Com. App.) 263 S. W. 255; Farmers' Life Ins. Co. v. Wolters (Tex. Com. App.) 263 S. W. 259. No renewal thereof was shown; the investment company, therefore, as correctly held by the Court of Civil Appeals, had the right to interpose the defense of limitation as to that claim, in protection of its rights under its attachment lien.

Being subrogated to the claim of Oskar Laebo, Miss Platte became entitled to only the rights, securities, and remedies which he had. As said in 25 R. C. L. p. 1377: "It follows from the very principles of the doctrine of subrogation that one can not thereby succeed to or acquire any claim or right which the person for whom he is substituted did not have, the extent of his remedies and the measure of his rights being controlled by those possessed by the creditor, and those rights, claims and securities to which he succeeds are taken subject to the limitations, burdens and disqualifications incident to them in the hands of his predecessor. Beyond this he has

no valid claim for protection." In James v. Jacques, 26 Tex. 320, 82 Am. Dec. 613, the court held that James, by virtue of his purchase at the sheriff's sale under foreclosure of an attachment lien, became the owner of an equity of redemption and possessed the same rights that the makers of a previously executed trust deed (whose interests were attached) retained at the time of its execution, and, while the creditor could enforce the lien upon the encumbered property, this must not be done in such manner as to affect James' equity of redemption. So here, the investment company by its acquisition of the property at attachment foreclosure sale became the owner of the property, subject to the prior trust deed lien of Oskar Laebo, and equity of redemption thereunder; by paying such lien it could have extinguished all claims thereunder, but this was the lien held by Laebo and not one subsequently created for a different amount, under a different deed of trust and to another and different trustee.

The maker of a trust deed containing power of sale may impose on its exercise any limitations he desires and they must be strictly followed and the power admits of no substitution and of no equivalent. Michael v. Crawford, 108 Tex. 352, 193 S. W. 1070.

If a sale had been made under the original trust deed, the purchaser would have taken the mortgagor's title divested of all interests and incumbrances afterwards made. Hampshire v. Greeves, 104 Tex. 620, 143 S. W. 147. The sale here was not made under that trust deed but under the later one to W. P. Neblett, trustee, for another and different debt, the lien of which was subordinate to the attachment lien. She made no effort to foreclose her subrogated lien.

The trial court and Court of Civil Appeals correctly disposed of this case and we recommend that their judgments be affirmed.

CURETON, C. J.

Judgments of the district court and Court of Civil Appeals are both affirmed, as recommended by the Commission of Appeals.