The Tex. & St. L. R. R. Co. v. James McCaughey.

(Case No. 1724.)

1. SERVICE.— Service upon one partner after dissolution of the firm, but before its liabilities have been liquidated, is sufficient to authorize a judgment available against the partnership property. Alexander v. Stern, 41 Tex., 193, cited.

2. CREATION OF A LIEN.— The laborer's lien being a creature of the statute, all allegations as to agreements made between a railway company and its contractors and subcontractor, that a laborer's lien should exist in favor of the latter, are irrelevant, and especially where it is not alleged that the laborers were parties to such an agreement.

3. EQUITABLE ASSIGNMENT.— Where a railway company and its contractors agreed with a subcontractor, that, in consideration of his furnishing laborers' board, the amount due for their board should be taken out of their wages, and be due the subcontractor and constitute a lien upon the road, the laborers not being parties to such an agreement, there was not such an assignment of the claim as would give the subcontractor a laborer's lien.

4. SAME — SUBROGATION.— To show that the subcontractor was subrogated to the rights of the laborers there must appear to have been an extinguishment of the original debt, and to create an equitable assignment in this case the debt must have been purchased of the laborers for a consideration satisfactory to them.

5. SAME.— The assignee must be a party to an equitable as well as a legal assignment. 2 Jones on Mort., 813 et seq.; 3 Pom. Eq. Jur., § 1211 et seq., cited.

APPEAL from Smith.  Tried below before the Hon. Felix J. McCord.

This suit was originally brought by the appellee, James McCaughey, against Coventry, Price & Co. and the Texas & St. Louis Railway Company.  Coventry, Price & Co. were the contractors for the construction of the railroad, and appellee was appointed by them to take charge of a boarding-train, and the amount due him for furnishing laborers with board was for wages due the latter for work done on the road, and deducted by appellants and Coventry, Price & Co. from their wages in payment of board due McCaughey. The petition also alleged that he was entitled to a laborers' lien to secure the amount due, because the boarding-train was necessary to the construction of the road, and that having labored in preparing the food and furnishing money in feeding the workmen, he had personally a lien under the statute.  He also claimed an assignment of their (laborers') lien on account of the agreement existing between him and the defendants as to furnishing the laborers with board, and the amount due thus being deducted out of their wages.  Coventry, Price & Co. made no defense, but the railway company answered by a demurrer, and also answered generally and specially.

The demurrer was overruled, and a judgment was rendered by the court in favor of McCaughey.

*Herndon & Cain*, for appellant.

*Robertson & Finley*, for appellee.

WILLIE, CHIEF JUSTICE.— It was held in the case of Alexander *v.* Stern, 41 Tex., 193, that service upon one partner, after the dissolution of the firm, and before the liabilities of the firm have been liquidated, is sufficient to authorize a judgment available against the partnership property. The plea in abatement in the present case, to which a demurrer was sustained, did not state that the firm affairs of Coventry, Price & Co. had been wound up, and the court, in determining the demurrer, was bound to presume that such fact did not exist, and under the above decision the demurrer was properly sustained.

The waiver of Shoff showed on its face that it was made as a member of the firm of Coventry, Price & Co., and no affidavit of Shoff, showing that he intended only an individual waiver, can give it that effect. The plaintiff had every reason to believe, from the language of the waiver, that it was intended for the firm, and, having acted upon such belief, cannot be affected by Shoff's secret intentions.

It is objected to the petition that it does not set forth facts sufficient to show an equitable assignment to McCaughey of the claims held by the laborers against Coventry, Price & Co., and of their lien upon the railroad. It does show an understanding between Coventry, Price & Co., the railroad company and McCaughey, that the latter was to board these laborers, and that whatever amount should be due him for their board should be deducted out of their pay to fall due from Coventry, Price & Co., the contractors for building the road, and constitute a lien upon the road. It is further shown that the contractors did make this deduction, but it is not shown that the laborers assented to it, or were parties to the agreement that it should be made. The whole transaction seems to have occurred between McCaughey and the defendants, and they bargained among themselves as to what should be the amount of the claim of McCaughey for board, and as to how the demands of the laborers against the contractors, and their lien upon the road, should be disposed of.

So far from the laborers agreeing to this arrangement, they do not seem to have known anything about it, nor acquiesced in it by

receiving the amount found to be due them after deducting their board bills. For aught that appears, they have never been paid nor offered this balance.

So far as the agreement with the railroad company and the contractors for a lien is concerned, it is sufficient to say that the laborers' lien is a creature of the statute existing in favor of a certain class of persons only. It cannot owe its existence to an express agreement alone, so that all allegations to the effect that it was agreed between the plaintiff and the defendants that McCaughey should have a lien upon the road to secure the amount due for the board of the laborers amount to nothing so far as a creation of the lien is concerned.

Nor do we think, that the allegations show an equitable assignment of the laborers' lien to McCaughey, nor his subrogation to their rights against the contractors and the railroad company.

To establish a subrogation, there must appear to have been an extinguishment of the original debt; and to create an equitable assignment, it must have been purchased from the creditor for a consideration satisfactory to himself. Ellsworth v. Lockwood, 42 N. Y., 97.

Equity will not deprive a creditor of his claim, and his lien to secure it, without a consideration to which his assent is had, much less allow third parties, one of whom is his debtor, to effect its transfer or extinguishment without his knowledge, for a consideration as to the amount of which he has never been consulted.

To an equitable assignment (which the appellee claims this to be) as well as to a legal one, the assignor must be a party. The difference is in the form and manner of effecting the transfer, not in the party who must expressly or impliedly make it. 2 Jones on Mort., 813 et seq.; 3 Pom. Eq. Jur., § 1211 et seq.

The present case seems to amount to an assumption by the contractors of the debt due by the laborers to McCaughey, or of a purchase by them of the debt from McCaughey. Of course the contractors had a right to do this, and in case of a suit by the laborers for their hire, Coventry, Price & Co. might, perhaps, under proper circumstances, have made their ownership of the claim a defense, so far as to reduce the amount of the claimant's recovery. But the amount of the reduction would have been the subject of proof in court, and the laborers could have controverted the justice or the extent of the reduction claimed. The agreement, then, as to its amount and correctness, made between Coventry, Price & Co., the railroad company and the plaintiff, had no effect to settle the rights

of the laborers, and the assignment attempted by them has no standing whatever in equity. If these laborers have not parted with their right to that portion of the claim which was the subject of the deduction, by any act of theirs, or of others to which they assented, then the plaintiff has not acquired an equitable right to it, or the securities for its enforcement.' He has not, therefore, shown a cause of action in himself to recover upon the laborers' claims and to foreclose any lien upon the railroad by which they were secured. It is not a question as to whether or not the laborers should have been made parties to the suit, but as to whether or not their title has passed to the plaintiff and vested in him the cause of action upon which this suit is brought.

We do not think that the petition showed any cause of action in the plaintiff of a character to entitle him to hold and enforce a lien upon the railroad, and the court should have sustained the general demurrer of the company to the petition.

The question made as to the right of McCaughey, as a laborer, to enforce a lien on the road, does not arise upon the record, as no such lien was enforced by the court below.

The questions raised by the other assignments will hardly arise in another trial. For the errors indicated the judgment must be reversed and the cause remanded.

REVERSED AND REMANDED.

[Opinion delivered October 24, 1884.]