**PROVIDENCE INSTITUTION FOR SAVINGS, Appellant,**

v.

**W. J. SIMS, d/b/a Lone Star Mill & Lumber Company, and Robie Love, Constable, Precinct No. 1, Dallas County, Texas, Appellees.**

**No. 7918.**

Court of Civil Appeals of Texas.

Texarkana.

Oct. 15, 1968.

Rehearing Denied Dec. 3, 1968.

Larry M. Lesh, Locke, Purnell, Boren, Laney & Neely, Dallas, for appellant.

James A. Baker, Goldberg & Alexander, Dallas, for appellees.

FANNING, Justice.

Appellant sued to enjoin appellees from foreclosing a mechanic's lien claimed by appellee Sims on a tract of land and to remove the mechanic's lien as a cloud upon the title of appellant to such property. Appellees answered and filed a cross-action. The facts are stipulated. The trial court rendered judgment that the mechanic's lien of Sims "is a first and superior lien to the liens and rights claimed by Plaintiff herein" and that Sims "is entitled to foreclosure of his lien" subject to the right of plaintiff-appellant Providence "to redeem said property by payment of the amount" of Sims' mechanic's lien; and that Providence "take nothing by its suit". Plaintiff-appellant Providence has appealed.

Appellant presents one point of error wherein it contends to the effect that the trial court erred in ruling that Sims' mechanic's lien was superior to the liens and rights in the property claimed and owned by Providence, and that Providence's liens and rights therein were superior to Sims' mechanic's lien.

Certain of the stipulations concerning the dates of material events are as follows:

1.  August 9, 1961; Nor-Tex. Mortgage Company, Inc. executed its Deed of Trust creating a lien to secure the $150,000 note payable to The Republic National Bank.

2.  April 4, 1962: Appellee Sims, having furnished materials to the project, for which he did not receive payment, perfected a mechanic's lien in the amount of $4,972. 56, against the property.

3.  September 21, 1962: Nor-Tex Mortgage Company, Inc. executed its Deed of Trust creating a lien to secure a $180,000 note payable to Hughes Investment Corporation.

4.  December 12, 1962: The Republic National Bank and Hughes Investment Corporation, the payees of the $150,000 note and $180,000 note respectively, entered into an agreement whereby the lien created by the August 9, 1961, Deed of Trust was subordinated and made inferior to the lien created by the September 21, 1962, Deed of Trust.

5.  February 4, 1964: The trustee of the Deed of Trust dated September 21, 1962, foreclosed on the property involved, and Appellant Providence bid it in at the foreclosure sale.

The August 9, 1961, deed of trust from Nortex to the Trustee for Republic Bank provided in part:

"This conveyance is made in trust, however, to secure and enforce the payment of one promissory note dated August 9, 1961 executed by Nortex Mortgage Co., Inc. payable to the order of Republic National Bank of Dallas . . in the principal sum of $150,000.00. * * * This Deed of Trust shall secure, in addition to the said Note * * * all other indebtedness, of whatever kind and/or character owing or which may hereafter become owing by (Nortex) to (Republic Bank)."

The September 21, 1962, deed of trust from Nortex to the Trustee for Hughes Investment provided in part:

"The beneficiary shall be subrogated to all rights, titles, liens and interests securing the payment of indebtedness discharged, paid, or retired out of the proceeds of the loan evidenced by said Note * * * all of which rights, titles, liens and interests shall * * * continue and remain in force until all indebtedness secured under the terms of this Deed of Trust has been paid in full * * *"

Hughes Investment at the request of Nortex advanced to Republic Bank the sum of $173,380.37 representing the net proceeds of the $180,000 note secured by the September 21, 1962, deed of trust. Republic

Bank applied such advance as follows: $104,695.72 on the $150,000.00 note secured by the August 9, 1961 deed of trust; $68,-584.65 was applied to other indebtedness owing by Nortex to Republic Bank, such indebtedness being within contemplation of and secured by the August 9, 1961 deed of trust. On September 21, 1962, there was still due and owing to Republic Bank on the original deed of trust lien of August 9, 1961, a balance of $45,304.28. Thus on September 21, 1962, Republic Bank held a prior and superior lien in the then amount of $45,304.28. It is also undisputed that Hughes Investment did not pay off the entire lien held by Republic, as Republic on September 21, 1962, still held a prior lien of $45,304.28.

Unquestionably, prior to the execution of the subordination agreement of December 12, 1962, between Republic Bank and Hughes Investment, to which subordination agreement Sims was not a party, the order of priority of liens in question was (1) Republic Bank—August 9, 1961; (2) W. J. Sims' mechanic's lien—April 4, 1962; and (3) Hughes Investment Corporation—September 21, 1962.

It is in essence the position of appellant that Hughes Investment became immediately subrogated on September 21, 1962, to the lien of Republic Bank to the extent it paid money over to Republic Bank, and that the subordination agreement of December 12, 1962, made Hughes Investment Company the owner and holder of the first and superior lien on the property in question.

It is in essence the position of appellee Sims that the subordination agreement (to which it was not a party) changed the position of the parties and that the mechanic's lien of Sims became the first and superior lien, and that appellant Providence, as purchaser at the foreclosure sale, took the property subject to appellee Sims' mechanic's lien, and that appellant Providence has a right of redemption by paying the sums due to appellee Sims, or that the property should be sold, with the proceeds first applied to payment of the amount due appellee Sims, with the balance to appellant Providence.

■ Subrogation does not automatically arise. The rule is that for subrogation to arise, there must appear to have been an extinguishment of the original debt. Texas and St. L. R. R. Co. v. McCaughey, 62 Tex. 271, 273. See also Cason et al. v. Westfall et al., 83 Tex. 26, 18 S.W. 668; American Employers' Ins. Co. v. Dallas Joint Stock Land Bank (Tex.Civ.App. 1943) 170 S.W.2d 546, writ refused, w. o. m.; and Askey v. Stroud (Tex.Civ. App.1922) 240 S.W. 339, no writ.

■ The record in this case reflects that the entire indebtedness of $150,000.00 held by Republic Bank was not paid by Hughes Investment on September 12, 1962; that there remained a balance due Republic Bank of $45,304.28, and thus the original debt of Republic Bank was not extinguished. Since Republic Bank's debt and prior lien was not extinguished on Sept. 12, 1962, subrogation did not arise. This was apparently recognized by Republic Bank and Hughes Investment, as on December 12, 1962, these parties entered into the agreement whereby the Republic Bank lien of August 9, 1961, was subordinated to the Hughes Investment lien of September 21, 1962. (Appellee Sims did not enter into any agreement subordinating his mechanic's lien to the Hughes Investment lien).

Appellant argues to the effect that subrogation rights vested immediately in Hughes Investment on September 21, 1962, and that the subordination agreement of December 12, 1962, had no effect upon its subrogation rights. Appellee contends that subrogation did not vest immediately in appellant, since appellant did not pay off or extinguish Republic Bank's debt and lien in full on September 21, 1962, and that the subrogation agreement of December 12, 1962, did have an effect upon the position of the parties.

**298**

Subrogation is defined as the substitution of one person in the place of another, so that he who is substituted succeeds to the rights of the other in relation to the debt or claim. Platte v. Securities Investment Company (Tex.Comm.App. 1932) 55 S.W.2d 551. In Platte, supra, it was also stated in part as follows:

"If a sale had been made under the original trust deed, the purchaser would have taken the mortgagor's title divested of all interest and incumbrances afterwards made. (Citation omitted) Sale here was not made under that trust deed, but under the later one * * * for another and different debt, the lien of which was subordinate to the attachment lien."

Subordination is defined as to place in a lower order or class; to make subject to or subservient. Webster's 7th New Collegiate Dictionary.

It must be borne in mind that under the facts in this case there were, among others, the following elements: Hughes Investment did not pay off the entire indebtedness of Republic Bank on September 12, 1962, and Republic Bank then had a remaining indebtedness of $45,304.00, which was then unquestionably a first lien; that foreclosure was never made under Republic Bank's deed of trust; that the foreclosure made in this case was under the deed of trust securing the Hughes Investment lien; that the subordination agreement of December 12 between Republic and Hughes was made after Sims' mechanic's lien attached, and that Sims was not a party to the subordination agreement nor did Sims enter into any agreement subordinating his mechanic's lien to the Hughes lien; and that appellant Providence purchased under the foreclosure of the Hughes Investment deed of trust.

We hold that under the record in this case the trial court entered a correct judgment. The judgment of the trial court is affirmed.