11th Court of Appeals
Eastland, Texas
Opinion
 
Chase Manhattan Mortgage Corporation and 
Mortgage Electronic Registration Systems, Inc. 

            Appellants
Vs.            No. 11-03-00182-CV – Appeal from Taylor County
Stephanie Robin Cook  
            Appellee
 
            Stephanie Robin Cook brought this declaratory judgment action against Chase Manhattan
Mortgage Corporation and Mortgage Electronic Registration Systems, Inc. (collectively Chase).
Appellee Cook sought a declaratory judgment: (1) that a December 17, 1999, deed of trust was
invalid because it contained an insufficient property description and (2) that the December 17, 1999,
deed of trust was void and unenforceable as a lien against her homestead. She also sought to recover
damages and attorney’s fees. Chase contended that the deed of trust contained a sufficient property
description. Alternatively, Chase sought reformation of the property description on the ground of
mutual mistake. Chase also contended that the deed of trust created an enforceable lien against
Appellee Cook’s homestead. Following a nonjury trial, the trial court entered judgment: (1)
granting Chase reformation of the property description in the deed of trust and (2) declaring that the
deed of trust was void and unenforceable as a lien against Appellee Cook’s homestead. The trial
court awarded Appellee Cook damages in the amount of $7,266.92 and attorney’s fees in the amount
of $15,750.00. Chase appeals. We affirm.
Background Facts
            Appellee Cook is the surviving spouse of Gilbert C. Cook, Jr. The Cooks were married in
1998. In 1992, Mr. Cook purchased property, consisting of two lots, in Taylor County. Later that
year, Mr. Cook had a Jim Walter home constructed on the property. The Jim Walter home was the
Cooks’ homestead after they were married and remains Appellee Cook’s homestead. In 1999, Mr.
Cook obtained a $54,900.00 loan from Irwin Mortgage Corporation. On December 17, 1999, Mr.
Cook signed a note payable to Irwin Mortgage Corporation in connection with the loan. On the same
day, Mr. Cook and Appellee Cook signed a deed of trust in favor of Irwin Mortgage Corporation
securing payment of the loan. This deed of trust is the subject matter of this cause. Irwin Mortgage
Corporation assigned the note and deed of trust to Chase.
 The Property Description Issue
             The deed of trust provided that it covered the following described property: “See Exhibit ‘A’
attached hereto and made a part hereof for all purposes.” However, there was no Exhibit “A”
attached to the deed of trust. The deed of trust provided that the street address of the property was
“161 New York Hills, Merkel, Texas 79536.” The trial court reformed the deed of trust to describe
the property as follows: 
A one (1) acre tract, being the North one (1) acre of Lot 5, Block B, New York Hills
Estate, out of a 73.06 acre tract out of the D. B. Corley Survey No. 4, Taylor County,
Texas. 

Appellee Cook raised four cross-points in her brief contending that the trial court erred in reforming
the property description. Appellee Cook withdrew her cross-points during oral argument. Therefore,
the property description issue is not before this court for review. 
The Homestead Issue
            The deed of trust contained the following renewal and extension provision: 
            28. Purchase Money; Vendor’s Lien; Renewal and Extension. [Complete as
appropriate] The Note secured hereby is in renewal and extension, but not in
extinguishment, of that certain indebtedness described on the Renewal And
Extension Rider attached hereto and made a part hereof for all purposes.
 
The renewal and extension rider described the earlier indebtedness as follows: 
Deed of Trust dated June 30, 1992, securing $57,600.00, executed by Gilbert C.
Cook, Jr., in favor of Security State Bank as recorded in Volume 1861, Page 107,
Official Public Records of Taylor County, Texas.
 
            Appellee Cook presented the following evidence: (1) that Mr. Cook never obtained a
$57,600.00 loan from Security State Bank; (2) that the deed of trust recorded in Volume 1861, Page
107, of the Official Public Records of Taylor County was not a deed of trust from Mr. Cook to
Security State Bank; (3) that, in 1992, Mr. Cook had borrowed $5,760.00 from Security State Bank
for the purpose of purchasing the two lots in Taylor County; (4) that Mr. Cook signed a deed of trust
in favor of Security State Bank securing payment of the $5,760.00 note and providing Security State
Bank with a vendor’s lien on the two lots; (5) that Mr. Cook paid off the $5,760.00 Security State
Bank note in 1996; and (6) that, on August 23, 1996, Security State Bank executed a release of its
lien providing that the note had been paid in full. Based on this evidence, Appellee Cook contended
that the December 17, 1999, deed of trust did not create a valid lien against her homestead because
Mr. Cook’s earlier indebtedness to Security State Bank had been extinguished in 1996.
            After the evidence was concluded, Chase requested leave to file a trial amendment. Chase
sought to allege a reformation claim based on an alleged mutual mistake in the renewal and
extension rider of the deed of trust. Chase contended that the Cooks and Irwin Mortgage
Corporation had intended to renew the indebtedness secured by the 1992 mechanic’s lien instead of
the Security State Bank note. Chase relied on a number of exhibits to support its reformation claim,
including: (1) a December 2, 1992, mechanic’s lien contract between Mr. Cook and Jim Walter
Homes, Inc., covering one acre of property and providing to Jim Walter Homes, Inc., a purchase
money security interest, described as a contractual mechanic’s lien, on the home that was to be
constructed on the property; (2) a December 17, 1999, settlement statement identifying the borrower
as Mr. Cook, identifying the lender as Irwin Mortgage Corporation, providing for a loan amount of
$54,900.00, and providing that $49,960.69 of the loan proceeds were to be used to “Payoff of 1st
Lien Mid States Mortgage”; and (3) a January 25, 2000, release of the December 2, 1992, Jim Walter
Homes, Inc. mechanic’s lien, executed on behalf of First Union National Bank, by Mid-State Homes,
Inc., its attorney-in-fact. However, no one from Irwin Mortgage Corporation testified about the loan
to Mr. Cook, and Chase did not offer any testimony to explain the relationship, if any, among Jim
Walter Homes, Inc., Mid States Mortgage, Mid-State Homes, Inc., and First Union National Bank.
            The trial court denied Chase’s request for a trial amendment, finding that the amendment was
prejudicial to Appellee Cook. The trial court also found that the deed of trust was void and
unenforceable as a lien against Appellee Cook’s homestead.
 
Chase’s Retention-of-Benefits Defense
            Chase contended that the retention-of-benefits rule prevented Appellee Cook from repu-diating the deed of trust while, at the same time, retaining the benefits of the Irwin Mortgage
Corporation loan. The trial court found that, because Chase could seek to enforce the Irwin Mortgage
Corporation note against Mr. Cook’s estate, the retention-of-benefits rule did not apply.
 Issues Presented 
            Chase presents five issues for review. In its first issue, Chase complains that the trial court
erred in holding that the retention-of-benefits rule did not apply. In its second issue, Chase contends
that the trial court erred in denying its request for a trial amendment on the issue of the mutual
mistake in the renewal and extension rider. In its third issue, Chase asserts that the trial court erred
in holding that the deed of trust was void and unenforceable as a lien against Appellee Cook’s
homestead. In its fourth and fifth issues, Chase asserts that, if it prevails on its first, second, or third
issue, then the trial court erred: (1) in awarding Appellee Cook attorney’s fees and (2) in ordering
that Chase return to Appellee Cook $6,666.92 in mortgage payments.
Issue of Validity of Deed of Trust
            Chase’s third issue raises the issue of whether the December 17, 1999, deed of trust created
a lien against Appellee Cook’s homestead. Chase argues that the trial court erred in finding that the
deed of trust was void and unenforceable as a lien against Appellee Cook’s homestead because
Appellee Cook failed to allege specific facts showing that the lien created by the deed of trust was not
valid and enforceable against her homestead under the Texas Constitution. Chase also contends that
the deed of trust created an enforceable lien against Appellee Cook’s homestead under the doctrine
of subrogation.
            TEX. CONST. art. XVI, § 50(a) provides that homesteads are protected from forced sale for
the payment of debts except for certain specifically enumerated debts, including: (1) purchase money;
(2) ad valorem taxes; (3) an owelty partition order or agreement; (4) a refinanced lien against the
homestead; (5) a lien used for construction improvements; or (6) a credit extension. The party
claiming a homestead exemption has the burden to prove that the property constituted a homestead
at the time the deed of trust was executed. Burk Royalty Company v. Riley, 475 S.W.2d 566, 568
(Tex.1972); Gregory v. Sunbelt Savings, F.S.B., 835 S.W.2d 155, 158 (Tex.App. - Dallas 1992, writ
den’d); Lifemark Corporation v. Merritt, 655 S.W.2d 310, 313 (Tex.App. - Houston [14th Dist.]
1983, writ ref’d n.r.e.). If the debtor meets this burden, then the creditor has the burden to prove that
the debt falls within one of the excepted debts listed in Article XVI, section 50(a). Lifemark
Corporation v. Merritt, supra at 314. The parties may renew and extend a lien against a homestead
that was created by an earlier deed of trust. McGeorge v. Van Meter, 358 S.W.2d 580, 581-83
(Tex.1962). However, the parties cannot create a lien against a homestead by purporting to renew
and extend a prior lien that has been dissolved by payment. Southland Life Ins. Co. v. Barrett, 172
S.W.2d 997, 1000 (Tex.Civ.App. - Fort Worth 1943, writ ref’d w.o.m.).
            Appellee Cook alleged and proved that the property was her homestead, and Chase does not
dispute that the property was her homestead. Thus, Appellee Cook met her burden of establishing
that the property constituted her homestead at the time that the deed of trust was executed. The deed
of trust provided that it renewed and extended a $57,600.00 Security State Bank note. Appellee Cook
established that the note to Security State Bank was in the amount of $5,760.00 and that the note had
been paid off in 1996. The deed of trust could not create a lien against Appellee Cook’s homestead
as a renewal of the Security State Bank note because that note had been extinguished by payment.
Southland Life Ins. Co. v. Barrett, supra at 1000. The burden shifted to Chase to prove that the deed
of trust secured one of the excepted types of debts under Article XVI, section 50(a). Lifemark
Corporation v. Merritt, supra at 314. 
            Chase argues that it met its burden because the deed of trust created an enforceable lien
against Appellee Cook’s homestead under the doctrine of contractual subrogation. Subrogation is an
equitable doctrine that may arise from the agreement of the parties or by implication and equity to
prevent fraud or injustice. Med Center Bank v. Fleetwood, 854 S.W.2d 278, 284-85 (Tex.App. -
Austin 1993, writ dism’d); Means v. United Fidelity Life Insurance Company, 550 S.W.2d 302, 309
(Tex.Civ.App. - El Paso 1977, writ ref’d n.r.e.). Subrogation substitutes another person in the place
of a creditor so that the person in whose favor it is applied succeeds to the right of the creditor in
relation to the debt. Chicago Title Insurance Co. v. Lawrence Investments, Inc., 782 S.W.2d 332, 334
(Tex.App. - Fort Worth 1989, writ ref’d). One common situation in which subrogation arises is when
a lender or other third party advances money to pay off a prior lien on the property. Med Center Bank
v. Fleetwood, supra at 284-85.
Chase relies on Paragraph 24 of the deed of trust. Paragraph 24 provides as follows:
            Subrogation. Any of the proceeds of the Note used to take up outstanding
liens against all or any part of the Property have been advanced by Lender at
Borrower’s request and upon Borrower’s representation that such amounts are due
and are secured by valid liens against the Property. Lender shall be subrogated to any
and all rights, superior titles, liens and equities owned or claimed by any owner or
holder of any outstanding liens and debts, regardless of whether said liens or debts
are acquired by Lender by assignment or are released by the holder thereof upon
payment.
Chase contends that Mr. Cook used the proceeds from the Irwin Mortgage Corporation loan to pay
off a Mid States Mortgage lien on the property. Therefore, Chase claims that it is subrogated to the
Mid States Mortgage lien.
            A party claiming subrogation must plead and prove the right to subrogation. Pape Equipment
Company v. I.C.S., Inc., 737 S.W.2d 397, 403 (Tex.App. - Houston [14th Dist.] 1987, writ ref’d
n.r.e.); Monk v. Dallas Brake & Clutch Service Co., 697 S.W.2d 780, 782 (Tex.App. - Dallas 1985,
writ ref’d n.r.e.). Chase did not allege a subrogation claim in its pleadings or attempt to raise it by
trial amendment. Chase stipulated during trial that it was not seeking equitable subrogation. In its
appeal, Chase distinguishes contractual subrogation from equitable subrogation; however, Chase did
not make any mention of a contractual subrogation claim during trial. We find that Chase waived its
subrogation theory by failing to plead it in the trial court. Pape Equipment Company v. I.C.S., Inc.,
supra; Monk v. Dallas Brake & Clutch Service Co., supra.
            Even if Chase had not waived its subrogation theory, the trial court would not have erred in
finding against Chase on its subrogation claim. The standards that apply to a review of jury findings
also apply to findings made by the trial court after a bench trial. Catalina v. Blasdel, 881 S.W.2d 295,
297 (Tex.1994); Roach v. Dickenson, 50 S.W.3d 709, 711 (Tex.App. - Eastland 2001, no pet’n).
Chase had the burden of pleading and proving the elements of its subrogation claim. Pape Equipment
Company v. I.C.S., Inc., supra at 403; Monk v. Dallas Brake & Clutch Service Co., supra at 782. A
party attacking the legal sufficiency of an adverse finding on an issue on which it has the burden of
proof must demonstrate on appeal that the evidence establishes, as a matter of law, all vital facts in
support of the issue. Dow Chemical Company v. Francis, 46 S.W.3d 237, 241 (Tex.2001); Escalante
v. Luckie, 77 S.W.3d 410, 414 (Tex.App. - Eastland 2002, pet’n den’d). A party attacking the factual
sufficiency of an adverse ruling on an issue on which it has the burden of proof must demonstrate on
appeal that the adverse finding is against the great weight and preponderance of the evidence. Dow
Chemical Company v. Francis, supra; Escalante v. Luckie, supra. Thus, if Chase had not waived its
subrogation claim, then its appellate burden would have been to demonstrate either (1) that it
established each element of its contractual subrogation claim as a matter of law or (2) that the trial
court’s finding as to the failure of proof of the elements of its subrogation claim was against the great
weight and preponderance of the evidence. Williford Energy Company v. Submergible Cable Services,
Inc., 895 S.W.2d 379, 383-84 (Tex.App. - Amarillo 1994, no writ).
            Chase did not present any testimony establishing how Mr. Cook used the proceeds from the
Irwin Mortgage Corporation loan. On appeal, Chase asserts that its exhibits established its
subrogation claim. Chase states the following in its brief:
[Chase is] contractually subrogated to the Mid States Mortgage Lien on the Property
because the Mid States Mortgage Lien was paid off with the proceeds of the Irwin
loan assigned to Appellants and secured by the Deed of Trust....Therefore, the trial
court erred in holding Appellants are not entitled to contractual subrogation.
    
However, there was no evidence of a mechanic’s lien or any other type of lien in favor of Mid States
Mortgage. The 1992 mechanic’s lien was in favor of Jim Walter Homes, Inc.; and there was no
evidence establishing the relationship, if any, between Jim Walter Homes, Inc., and Mid States
Mortgage. The settlement statement introduced by Chase refers to the payoff of a Mid States
Mortgage lien, but there was no testimony explaining the reference to the Mid States Mortgage lien.
The evidence did not establish as a matter of law that the proceeds of the Irwin Mortgage
Corporation loan were used to pay off a Mid States Mortgage lien or that Mid States Mortgage had
a lien on the Cooks’ homestead. The evidence establishes neither the elements of Chase’s
contractual subrogation claim as a matter of law nor that a finding against Chase on its subrogation
claim would have been against the great weight and preponderance of the evidence. Chase’s third
issue is overruled.
 
Chase’s Request for a Trial Amendment on Reformation Issue
            In its second issue, Chase argues that the trial court erred in denying its request for a trial
amendment on the issue of reformation of the renewal and extension rider on the ground of mutual
mistake. Chase contended that the Cooks and Irwin Mortgage Corporation intended to refer to the
Jim Walter Homes, Inc. mechanic’s lien in the deed of trust instead of the Security State Bank note.
The trial court denied Chase’s request for a trial amendment, finding that the amendment would have
been prejudicial to Appellee Cook.
            We review a trial court’s order granting or denying a request for a trial amendment under an
abuse of discretion standard. State Bar of Texas v. Kilpatrick, 874 S.W.2d 656, 658 (Tex.), cert.
den’d, 512 U.S. 1236 (1994); Myers v. Walker, 61 S.W.3d 722, 727 (Tex.App. - Eastland 2001, pet’n
den’d). Under TEX.R.CIV.P. 63 and 66, a trial court has no discretion to refuse an amendment
unless: (1) the opposing party presents evidence of surprise or prejudice or (2) the amendment
contains the assertion of a new cause of action or defense and, thus, is prejudicial on its face, and the
opposing party objects to the amendment. Menix v. Allstate Indemnity Company, 83 S.W.3d 877,
881 (Tex.App. - Eastland 2002, pet’n den’d). The burden of showing prejudice or surprise rests on
the party resisting the amendment. Menix v. Allstate Indemnity Company, supra. Surprise may be
shown on the face of the amendment when it would reshape the cause of action to the prejudice of
the other party. Trailways, Inc. v. Clark, 794 S.W.2d 479, 492 (Tex.App. - Corpus Christi 1990, writ
den’d). When the record shows a lack of diligence in bringing the reshaped cause before the court
and when the matter pleaded appears to have been known by the party seeking to amend and is not
based on any newly discovered facts, the court does not abuse its discretion in refusing to allow the
amendment. Trailways, Inc. v. Clark, supra. When an amended pleading is prejudicial on its face
and the trial court denied leave to file the amended pleading, the burden shifts to the party who
offered the amended pleading to clearly demonstrate on appeal that the trial court abused its
discretion. Hardin v. Hardin, 597 S.W.2d 347, 349 (Tex.1980); Menix v. Allstate Indemnity
Company, supra at 881. 
            Chase’s trial amendment was prejudicial on its face. The amendment set forth a new claim:
one for reformation of the renewal and extension rider based on the ground of mutual mistake. 
Appellee Cook objected to the amendment contending that Chase was alleging a new cause of action
and that she was prejudiced by the amendment because she did not have the opportunity to determine
various issues about the Jim Walter Homes, Inc. mechanic’s lien, including whether it was valid and
whether it had been paid off.
            Appellee Cook filed her original petition in this cause on July 30, 2001. She alleged that
there was no $57,600.00 Security State Bank note and that a $5,760.00 Security State Bank note had
been paid off. Although Chase was aware of these allegations, it did not seek to allege mutual
mistake until after all of the evidence was presented at trial, more than two years after Appellee Cook
filed this cause. The record demonstrates a lack of diligence in bringing the amendment. The trial
court did not abuse its discretion in denying the trial amendment. Trailways, Inc. v. Clark, supra at
492. 
            Even if the trial court had permitted the amendment, the trial court would not have erred in
finding against Chase on its reformation claim. Had the trial court made such a finding, Chase’s
burden on appeal would have been to demonstrate either (1) that it established each element of its
reformation claim as a matter of law or (2) that the trial court’s finding as to the failure of proof of
the elements of its reformation claim was against the great weight and preponderance of the
evidence. Williford Energy Company v. Submergible Cable Services, Inc., supra at 383-84.
            In Cherokee Water Company v. Forderhause, 741 S.W.2d 377, 379 (Tex.1987), the court
stated that “[t]he underlying objective of reformation is to correct a mutual mistake made in
preparing a written instrument, so that the instrument truly reflects the original agreement of the
parties.” (Emphasis in original) Thus, reformation requires two elements: (1) an original agreement
and (2) a mutual mistake, made after the original agreement, in reducing the original agreement to
writing. Cherokee Water Company v. Forderhause, supra.
            In this case, there was neither evidence of an original agreement on the part of the Cooks and
Irwin Mortgage Corporation to renew and extend the Jim Walter Homes, Inc. mechanic’s lien nor 
evidence of a mutual mistake in reducing the deed of trust to writing. Rather, Chase attempted to
establish its mutual mistake claim with its exhibits. The exhibits do not establish the elements of
Chase’s reformation claim as a matter of law or that a finding against Chase on its reformation claim
would have been against the great weight and preponderance of the evidence.
            The trial court did not err in denying Chase’s request for a trial amendment. Chase’s second
issue is overruled.
Retention of Benefits
            In its first issue, Chase argues that the retention-of-benefits rule prevents Appellee Cook from
repudiating the deed of trust while at the same time retaining the benefits of the loan secured by the
deed of trust. Generally, a party seeking cancellation of an instrument cannot repudiate it and retain
the benefits therefrom. Johnson v. Cherry, 726 S.W.2d 4 (Tex.1987); Sudderth v. Howard, 560
S.W.2d 511 (Tex.Civ.App. - Amarillo 1977, writ ref’d n.r.e.). This rule is based on equitable
principles:
The equitable power of the court exists to do fairness and is flexible and adaptable
to particular exigencies, “so that relief will be granted when, in view of all the
circumstances, to deny it would permit one party to suffer a gross wrong at the hands
of the other.” 
 
Johnson v. Cherry, supra at 8.
            In Johnson, a landowner could not obtain a loan because of the homestead status of his
property. The landowner, Johnson, entered into an agreement with Cherry and a bank. As part of
the agreement, Johnson executed the following documents: (1) a deed conveying his land, including
his homestead, to Cherry and the bank; (2) a one-year leaseback of the land; and (3) an option to
repurchase the land from Cherry and the bank. In return, Cherry advanced $120,000.00 to Johnson
and assumed $38,000.00 of Johnson’s indebtedness. Johnson’s option to repurchase the land
required him to make two rent payments under the lease. When Johnson failed to make the second
payment, Cherry instituted eviction proceedings. Johnson then brought suit against Cherry and the
bank, seeking to cancel the deed on the ground that the transaction was a loan instead of a sale and,
therefore, constituted an impermissible mortgage on his homestead. Johnson v. Cherry, supra at 5. 
            In Johnson, the court found that the evidence was sufficient to support the jury’s finding that
Johnson and Cherry intended the transaction as a mortgage instead of a sale. The court explained 
 
 
that, when a deed is actually a mortgage, equity requires the mortgagor to offer to repay the
indebtedness in question. The court stated:
            An offer by Johnson to repay the loan was a condition precedent to his suit
to convert the deed into a mortgage. Although Johnson failed to offer repayment,
Cherry did not complain of Johnson’s error until he was before the court of appeals. 
But equity regards that which should be done as done. In order for equity to convert
the deed into a mortgage, equity must also award judgment equal to the amount owed
to Cherry. Johnson is indebted to Cherry for the $120,000 loaned, for the $38,000
note to his ex-wife which Cherry has paid in full, and for interest....We further create
a lien in favor of Cherry against Johnson’s 148 acres in Shelby County not covered
under the homestead exemption. 
 
Johnson v. Cherry, supra at 8.
            Absent the judgment in Johnson, Johnson would have prevailed on his claim that the
transaction was a loan but would not have had an obligation to repay the loan. The court entered the
judgment – an enforceable obligation – to prevent that gross wrong from occurring.
            In this case, the trial court did not err in finding that the retention-of-benefits rule did not
apply. There is an enforceable obligation for the amount loaned in the absence of a judgment against
Appellee Cook. Mr. Cook signed the Irwin Mortgage Corporation note, and the note is enforceable
against his estate. Thus, a judgment is not needed to create an enforceable debt. Additionally,
Appellee Cook was not a party to the note. Equity does not require Appellee Cook to pay off a note
that she did not sign and on which she is not individually liable. Finally, Chase should not be
permitted to use the retention-of-benefits rule in a manner that would deny Appellee Cook her
constitutionally pro-tected homestead rights. We note that the Johnson court specifically excluded
Johnson’s homestead from the lien created by its judgment. Johnson v. Cherry, supra at 8.
            The trial court did not err in holding that the retention-of-benefits rule did not apply to this
case. Chase’s first issue is overruled.
Chase’s Other Issues
            In its fourth and fifth issues, Chase asserts that, if it prevails on its first, second, or third issue,
then the trial court erred: (1) in awarding Appellee Cook attorney’s fees and (2) in ordering that
Chase return to Appellee Cook $6,666.92 in mortgage payments. We have overruled Chase’s first
three issues; therefore, Chase’s fourth and fifth issues are also overruled.
This Court’s Ruling
            The judgment of the trial court is affirmed. 
                                                                       
                                                                                                TERRY McCALL
                                                                                                JUSTICE
 
June 17, 2004
Panel consists of: Arnot, C.J., and
Wright, J., and McCall, J.