

In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-18-00846-CV

———————————

**DAVID GORDON SCHMIDT D/B/A ABC BONDING COMPANY AND GREENBRIAR EQUITIES, LLC, Appellants**

**V.**

BRENDA CRAWFORD, CARLOS PEREZ, ANTHONY WILLIAMS, ANNIE J. BUTLER, ANTHONY FRANCO, AMBRIA FIKE, DEBRA JOHNSON, VICTORIA WELLS, MILDRED ENGLISH, OTTIS WILLIAMS, RANDY L. LASTER, PABLE MURILLO, EMMA MURILLO, CRAIG COOPER, NELSON MARTIN ARMSTRONG, MAZEN BREIR, BENITO MARTINEZ, TANYA PEDROZA, SERGIO PEDROZA, CAROLYN ETHERIDGE, LOUISE SEALS, TERRY MOORE, MARIA RAMIREZ, PETE GARCIA, DENISE BALDWIN, WILLIAM T. ETHERTON, PATRICIA ETHERTON, SHARON WILLIAMS, HELEODORA CRUZ, HATTIE HEMPHILL, AGUSTINA ROBERTS, LOUIS ROBERTS, EMILY JOHNSON, IRIS EDITH SEGUNDO, JOANNA LOAEZA, KEVIN WILLIAMS, RITA WILLIAMS, YOLANDA CARRIERE, ANTHONY CITTI, JUAN CISNEROS, BRANDY JOHNSON, JOHN GHOLSTON, ANSON FURMAN, IVIE BELL, LAURA DIAZ, DARLENE ALEJANDRO, JESSE DELEON, CYNTHIA DELEON, JESUS VEGA, BEVERLY VEGA, RAY PERFECTO, BRIDGET NWOKO, NEMIAH CLARK, EARLEAN WILLIAMS, LAKESHEA CLARK, PETE GONZALES, PAT LEE, MARY VICTORIAN, TIFFANY JOHNSON, ELIAS GAMINO, TIFFANY CHENIER, MURALINE PETER, VICTOR REYES, VERONICA SMITH, JIMMIE ENGLETT, VELVET HILTON, STEPHEN LACY, LEROY VANTERPOOL, PATRICIA WESLEY, SAMMIE L. ABRAHAM, EDITH M. ABRAHAM, BRENDA BROWN, JESUS SILVESTRE, FELICITA AGUILAR, GABINO SALAZAR, JOSEFINA M. NOWLIN, SANDRA DORRON, JESUS VELAZQUEZ, BONNIE CEPHUS, JOSEPHINE ROCHA, LEON JACOBSON, LINDA

JACOBSON, OLIVIA SIMS, CONSTANCE GAY, ENSLEY CLINTON, LLEWEL WALTERS, MAURO REYNERIO FERNANDEZ CRUZ, ANTHONY THOMPSON, JUAN CARLOS RIOS RAMIREZ, PHILLIP C. CLARK, BEATRICE PENA, CAROL ASKEW, BRIAN CORMIER, STEVEN CRUZ, LEROY WELLS, HAROLD KINNARD, PLUSHATTE DAVIS, DEIDRE DOBBINS, DAVID SPAULDING, MICHAEL KOSSA, DIANA KOSAS, SERAFIN LUNA, DEBORAH BERRYHILL, O'KEEFE ALLEN, CHRISTOPHER P. VANA, SR., GRACE HAMILTON, BELINDA SPENCER, RENORA RIGGINS, IVONNE JACKSON, EDITH ORDONEZ, WILBER ORDONEZ, TESSIE LYNCH, KATHERINE SANDERS, CHARLES MOURNING, ILIANA PEREZ, TIBURCIA ZAYALA, CHRISTOPHER GREEN, DONALD SHELTON, DONALD CREDEUR, AVIS BATTLE, GRACE PHILLIPS, DAROLYN LEWIS, RAYMOND LEWIS, JR., MICHAEL MILLER, ESTHER DOUBLIN, MARCOS ORTIZ, ROBERT SANCHEZ, ROSALINDA SANCHEZ, TIFFANY SHANNON, ALTHA DAVIS, HERMAN DAVIS, NELSON HEBERT, MELVIN HERRERA, JUANITA CANO, PATRICE BOYCE, EDSON DRONBERGER, CHARLOTTE WYNN, JACQUELINE HILL, ATANACIO RUIZ, ELOISA RUIZ, ROBERTO HERNANDEZ, CLEMENTINA HERNANDEZ, JIM SILVA, LUZ BATALLA, ISMAEL MEDINA, HORTENCIA RODRIGUEZ, ALFRED WATSON, JERRY ESCALANTE, LLOYD CASTILOW, LUIS PENA, CAREY MURRAY, LUZ WILDMAN, CARL EARL, ISMAEL AVELLANEDA, KENDALIA DAVIS, GAIL FRITZ, LEE CARTWRIGHT, ORFILIA MIRANDA, JAINELL LETRYCE, VELAZQUEZ BUTLER, COURTNEY MITCHELL, TRAVIS WATERS, DEBBIE WATERS, ANTHONY NORRIS, SHARON A. NORRIS, ADELMIRA SALINAS, SARAH LANDRY, GLORIA GARCIA, JOEL ZAMARRIPA, GERARDO ROMO, PHILLIP ROSS, LAKEISHA ROSS, EARLINE DURANT WATKINS, GERARDO MARQUEZ, NILZA RODRIGUEZ, JANNETTE BROWN, VICTOR H. ESTRADA, BLANCA A. ESTRADA, ANNE CLARE, JAMES CLARE, CHARLENE TALBOTT, MARIA VELEZ, GREG HILLIGIEST, RANDY WILSON, SAUL AGUILERA, HARLENE BRADY, MARY FLOWERS, JIMMIE SMITH, BETTY R. SMITH, CYNTHIA JENKINS, CLARENCE MCDADE, CHARLES O. MCDONALD, LARS WESTERBERG, ETHEL O'QUINN, JEFFREY GLOVER, KATRINA GLOVER, LAURA LIGGETT, BRENDA TRUSSEL, DALE TRUSSELL, CECELIA ROSE, VANESSA BOURDA, FRANCISCO CAMPOS, CONNIE CAMPOS, SAMMY J. COLLINS, FELICIA BOWMAN, KENDALL WILKINS, TYRONSA WILKINS, ANDREW TAYLOR, MARQUE JOHNSON, BEVERLY HENSLEY, YVONNEYA BROWN, COURTNEY HERNANDEZ, ALBERT ROWAN, TONI OWENS, JIMMY KIRKENDOLL, JOAN L. KIRKENDOLL, MARY ANN EDJEREN, THELMA HOUSLEY, KENNETH JOHNSON, JUDITH ANN WALKER, LESLIE BROWN, DEBORAH EATON, STUART WILLETT, JOSE TORRES, DIANA SALINAS, ERSKINE VANDERBILT, CAROLINE TUNSEL, CATHY JONES, GAIL UDOSEN, REGINA FULTON, HECTOR REYES, LUCIO TORRES, JR., ERNESTO LARA, JACKIE THORNTON, ALFREDO DIMAS, NANCY TAYLOR, REGINALD COLE, CATHLYN COLE, GERALD SMITH FOR THE ESTATE OF EARNEST D. SMITH,

**FAUCINDA VENCES, THUYVI VINH, MAIDA KHATCHIKIAN, CARL EARL, TROY KING, DIANA ROMERO, SANDRA PYLE, GARY DIAL, MARIA MENDEZ, ANTHONY HARRIS, KEENA HARRIS, KATHERINE STEWART, MARY CURRIE, SIVERAND STERLING, JR., LARRY TANKERSLEY, LESLIE JONES, GONZALO PENA, JOHN LONG, BEVERLY LONG, TERRY RANDLE, AND FELICIA FRANK,**
Appellees

**On Appeal from the 55th District Court**
**Harris County, Texas**
**Trial Court Case No. 2018-31381**

## DISSENTING OPINION

Because I believe that the Texas Citizens Participation Act ("TCPA") requires dismissal of *all* claims against Schmidt and Greenbriar—including the plaintiffs' constitutional claims—I respectfully dissent to the portion of the judgment affirming the trial court's order denying dismissal of the constitutional claims.

The Opinion concludes that, as to the plaintiffs' quiet-title and declaratory-judgment claims, the TCPA impermissibly shifts the burden of proof by requiring the plaintiffs to produce prima facie evidence supporting these claims, thereby denying plaintiffs the protections found in article XVI, section 50(c) of the Texas Constitution.[1] In so holding, the Opinion states that "[b]ecause the *homestead* liens are invalid, dismissal of the plaintiffs' quiet-title and declaratory-relief claims under

---

[1] Six types of loans or liens can burden a homestead. *See* TEX. CONST. XVI, § 50(a)(1-6).

3

the Citizens Participation Act would impair the right guaranteed in article XVI, section 50 of the Texas Constitution." (emphasis added).

However, the Opinion *assumes*, without any showing by plaintiffs, that the liens at issue are on the plaintiffs' homesteads. To claim the constitutional protections afforded to homesteads, a plaintiff carries the initial burden of establishing (1) overt acts of homestead usage and (2) the intention to claim the property as a homestead. *Zorilla v. Aypco Constr. Co. II, LLC*, 469 S.W.3d 143, 159 (Tex. 2015); *see also Burk Royalty Co. v. Riley*, 475 S.W.2d 566, 568 (Tex. 1972) (holding initial burden to establish homestead exemption is on party claiming exemption).

Once a plaintiff has proved homestead status, then the burden shifts to the defendant to show that it has a constitutionally valid lien on the homestead. *Zorilla*, 469 S.W.3d at 159; *see also* TEX. CONST. XVI, § 50(c).[2] "If the debtor [proves that the property constitutes a homestead], then the creditor has the burden to prove that the debt falls within one of the excepted debts listed in Article XVI, section 50(a)." *Chase Manhattan Mortg. Corp. v. Cook*, 141 S.W.3d 709, 713 (Tex. App.—Eastland 2004, no pet.); *see also Marincasiu v. Drilling*, 441 S.W.3d 551, 559 (Tex. App.— El Paso 2014, pet. denied) (holding that once property is shown to be homestead,

---

[2]     "No mortgage, trust deed, or other lien on the homestead shall ever be valid unless it secures a debt described by this section . . . ." TEX. CONST. art. XVI, §50(c).

constitutional homestead privilege against unenumerated liens presumed to exist unless lienholder proves termination of homestead status).

Thus, there is a two-step process to consider: (1) did the plaintiffs prove a homestead, and, if so, (2) does the defendant have a valid lien under section 50(a)? By concluding that the liens at issue in this case are void, the Opinion skips to the second step of the process, thereby impermissibly relieving plaintiffs of their burden to first prove homestead status.

The Opinion's reliance on *Wood v. HSBC Bank USA*, 505 S.W.3d 542 (Tex. 2016) is misplaced. *Wood* considered the ability to cure a loan that fails to comply with the requirements imposed by article XVI, section 50(a)(6). *Id.* at 548–49. Though "extension of credit" loans do not comply with section 50(a)(6), the supreme court held that a lender may attempt to cure the defects and thereby render the loan valid. *Id.* Consistent with the law holding that a lienholder has the burden to show that a lien is constitutionally valid, the supreme court held that homestead liens remain invalid until any defect is cured and that the party asserting a cure has the burden of proof on that issue. *See id.* at 549–51.

Thus, *Wood* involved only the second issue in the two-step process, i.e., whether the lien was invalid and who had the burden to show that an invalid had been cured. *Wood* does not purport to excuse or relieve the plaintiff of his initial burden of showing a homestead. Under *Zorillo*, that burden must be met by the

plaintiff *before* a defendant is required to defend the validity of his lien or loan. 469 S.W.3d at 159.

Put more simply, whether a lien is invalid under section 50(a) is irrelevant unless and until the plaintiff first proves that the subject property is his homestead. Here, the plaintiffs made no showing of overt acts of homestead usage and the intention to claim the property as a homestead, as required by *Zorilla*. *See* 469 S.W.3d at 159. And, in fact, ABC Bail Bonding Company secured a written disavowal of homestead status from all its clients.

Because they did not prove homestead status, I would dismiss all the plaintiffs' claims, even their constitutional claims. To the extent that the Opinion does not, I respectfully dissent.

Sherry Radack
Chief Justice

Panel consists of Chief Justice Radack and Justices Goodman and Countiss.

Radack, C.J., dissenting in part from the judgment.

Countiss, J., dissenting in part and concurring in judgment only in part.